**Slip Op. 02-138**

# UNITED STATES COURT OF INTERNATIONAL TRADE

_____

                                      :

CF INDUSTRIES, INC.              :

                                        :

          Plaintiff,           :

                                        :

          v.                  :          Court No. 02-00281

                                        :

UNITED STATES,            :

                                        :

          Defendant.       :

                                        :

_____  :

[Harbor Maintenance Tax on domestic shipments is not unconstitutional under The Port Preference or Uniformity Clauses.]

Dated:  November 26, 2002

      McKenna Long & Aldridge L.L.P. (Peter Buck Feller and Daniel G. Jarcho) for plaintiff.

      Robert D. McCallum, Jr., Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Jeanne E. Davidson, Todd M. Hughes, and Jeffrey A. Belkin), Richard McManus Office of General Counsel, United States Customs Service, of counsel, for defendant.

## OPINION

**RESTANI**, **Judge:**

      This action seeking refunds of Harbor Maintenance Taxes ("HMT") on domestic shipments is before the court on defendant's USCIT Rule 12(b)(5) motion to dismiss and plaintiff's Rule 56 motion for summary judgment.

Plaintiff CF Industries is a Florida manufacturer of fertilizer. Plaintiff's fertilizer is shipped to Davant, Louisiana where it is placed on river barges. Shipments loaded or unloaded at Davant, Louisiana are subject to HMT. Plaintiff paid such taxes. There is no dispute that plaintiff's suit is timely and that the court has jurisdiction under 28 U.S.C. § 1581(i).

The issues of law before the court are no different than those presented in previously concluded suits by importers. Accordingly, for the reasons stated in Thomson Multimedia, Inc. v. United States, 219 F. Supp. 2d 1322 (Ct. Int'l Trade 2002), the court grants defendant's motion to dismiss for failure to state a claim and denies plaintiff's motion for summary judgment. There is no significant argument raised by plaintiff here that was not considered by the court in that case.

The court notes specifically that its reliance on United States v. Ptasynski, 462 U.S. 74 (1983), in finding no violation of the Port Preference Clause and Uniformity Clause of the Constitution (U.S. Const. art. I, § 9, cl. 6 and §8, cl. 1) is not undermined by plaintiff's attempt to distinguish that case here. The fact that the United States advised the Supreme Court in its briefs that no windfall profits would accrue to certain Alaskan oil producers and thus, the tax exemption could have been accomplished in other ways, does not alter the fact that the tax exemption was defined in geographic terms. The holding of Ptasynski is not as narrow as plaintiff contends. Furthermore, the fact remains that, but for the applicable HMT exemption, the HMT would discriminate against

domestic shipments to and from Alaska and Hawaii, two states which are not contiguous to the other forty-eight states. When drafting these clauses to address specific problems, the founding fathers knew nothing of this unique geographic expansion of the United States and cannot be said to have intended to prohibit the remedial measures challenged here. In practical terms, the exemptions help to avoid preferences and promote uniformity.

Judgment will be entered for the United States.

_____
Jane A. Restani
JUDGE

Dated:  New York, New York.

This 26th day of November, 2002.